19-1157-cv
Spadaro v. U.S. Customs and Border Protection, et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of October, two thousand twenty.

PRESENT:  RAYMOND J. LOHIER, JR.,
          JOSEPH F. BIANCO,
          MICHAEL H. PARK,
               *Circuit Judges*.

------------------------------------------------------------------

SARO SPADARO,

      *Plaintiff-Appellant*,

      v.                                        No. 19-1157-cv

UNITED STATES CUSTOMS AND BORDER
PROTECTION, UNITED STATES
DEPARTMENT OF STATE, FEDERAL BUREAU
OF INVESTIGATION, UNITED STATES
CITIZENSHIP AND IMMIGRATION SERVICES,
UNITED STATES DEPARTMENT OF JUSTICE,

*Defendants-Appellees.*

------------------------------------------------------------------

FOR PLAINTFF-APPELLANT:  ROBERT S. GROBAN, JR., Berry Appleman & Leiden LLP, New York, NY (David J. Clark, Matthew S. Aibel, Epstein Becker & Green, P.C., New York, NY, *on the brief*).

FOR DEFENDANTS-APPELLEES:  STEPHEN CHA-KIM, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), *for* Audrey Strauss, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Saro Spadaro appeals from a judgment entered March 27, 2019 by the United States District Court for the Southern District of New York (Sullivan, *J.*) granting summary judgment in favor of defendants-appellees on Spadaro's

claims under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.  In 2014, Spadaro filed a FOIA request seeking records related to his prior visa applications to enter the United States and the government's decision in 2008 to prudentially revoke his visa.  On appeal, Spadaro challenges the United States Department of State's reliance on FOIA Exemption 3 to withhold certain documents in responding to Spadaro's request, and we resolve that challenge in a separate opinion filed simultaneously with this order.  As relevant to this order, Spadaro also challenges the authority of the Federal Bureau of Investigation (FBI) to rely on FOIA Exemption 5 to withhold certain documents. As to that challenge, we assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Spadaro argues that the FBI's reliance on the deliberative process and attorney work-product doctrines to withhold certain documents under Exemption 5 was improper principally for two reasons.  First, he claims that the FBI waived its reliance on these doctrines by disclosing to a third party certain information allegedly related to the subject matter discussed in the withheld

3

documents.    But we have explained that the "disclosure of similar information to that contained in documents protected by the . . . deliberative process privilege[] does not waive the privilege," *Am. C.L. Union v. Nat'l Sec. Agency*, 925 F.3d 576, 599 (2d Cir. 2019) (emphasis omitted), and may waive the "work product protection" only as to the "specific details" disclosed, *N.Y. Times Co. v. U.S. Dep't of Justice*, 939 F.3d 479, 495 (2d Cir. 2019).    Thus, the FBI's disclosure of certain information to a third party relating to its findings in this case did not also subject to disclosure the work product of FBI attorneys contained in other, related documents.

Spadaro's second argument is that the government's reliance on Exemption 5 "should be foreclosed by its misconduct."    Appellant's Br. 32. Even assuming that a misconduct exception to Exemption 5 exists, we agree with the District Court that Spadaro's allegations of misconduct are too bare and speculative to demonstrate that any such exception should apply here.    We therefore discern no error in the District Court's refusal to compel the production of the withheld documents.

We have considered Spadaro's remaining arguments that are not the subject of the opinion filed simultaneously with this order and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5